# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| USSC GROUP, INC., | PLAINTIFF, |
| VS. | CIVIL ACTION NO. 2:07CV30-P-A |
| KIMBALL, INC., and KIMBALL INTERNATIONAL, | DEFENDANTS. |

## FINAL JUDGMENT

This matter comes before the court upon Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) [8]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule:

None of the parties are residents of Mississippi. The plaintiff is incorporated and has its principal place of business in Pennsylvania. Defendant Kimball, Inc. is a Delaware corporation which had its principal place of business in Indiana. Kimball, Inc. is now a wholly owned subsidiary of Defendant Kimball International, a Delaware corporation whose principal place of business is in Indiana. In 1991, Kimball, Inc. became the owner of Batesville American Manufacturing Company.

Essentially, USSC Group is suing Kimball, Inc. and Kimball International for breach of contract, etc. in connection with an order placed by USSC Group to Kimball, Inc. in 2001 for a number of seat frames that were allegedly defective. At the time of this order, Kimball, Inc. was registered to do business in Mississippi. Sometime after the plaintiff paid for the seat frames, Kimball, Inc. closed the Batesville, Mississippi facility that manufactured the seat frames. Kimball, Inc.'s corporate status was officially changed to "inactive" in May 2006.

The defendants argue that this case should be dismissed for lack of personal jurisdiction because non-residents may not use the "doing business" prong of the Mississippi long-arm statute.

The plaintiff counters that personal jurisdiction is predicated on Mississippi's corporate withdrawal statute, Miss. Code Ann. § 79-4-15.20, not the long arm statute.

Federal Rule of Civil Procedure 12(b)(2) provides that before filing an answer, a defendant may move to dismiss for lack of personal jurisdiction. Plaintiffs bear the burden to establish the court's jurisdiction. *Allred v. Moore & Peterson, P.C.*, 117 F.3d 278, 281 (5th Cir. 1997).

In diversity cases, the district court "may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). "The state or federal court sitting in diversity may assert personal jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's court; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id*. Thus, if Mississippi's long-arm statute does not apply, it is unnecessary for the court to reach the issue of whether personal jurisdiction may be asserted consistent with due process. *Id*.

Mississippi's long-arm statute provides in pertinent part that:

> Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein ... who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002).

However, a nonresident of Mississippi cannot take advantage of either the contract or the "doing business" prong of the Mississippi long-arm statute. *Delgado v. Reef Resort, Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004) ("This court has, on numerous occasions, interpreted the Mississippi [long-arm] statute to mean that non-resident may not sue non-resident corporations doing business in Mississippi.") (citing *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001) and *Herrley v. Volkswagen of America, Inc.*, 957 F.2d 216, 216 (5th Cir. 1992)).

The plaintiff cites Miss. Code Ann. § 79-4-15.20 for the proposition that personal jurisdiction is conferred if a non-resident corporation that was once registered as doing business in Mississippi withdraws and the lawsuit in question concerns actions occurring during the period the non-resident corporation was in fact doing business in Mississippi. The plaintiff, however, cites no binding precedent demonstrating that § 79-4-15.20 in any way alters Fifth Circuit jurisprudence regarding the "doing business" prong of Mississippi's long arm statute. The court observes that it was unable to locate any cases in the Fifth Circuit, including State cases, addressing § 79-4-15.20.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**; therefore,

(2) The plaintiff's claims against both defendants are hereby **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED** this the 19th day of November, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE